UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HORSESHOE BAY RESORT HOLDINGS, LLC<br><br>    Plaintiff<br><br>    v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION, *ET AL.,*<br><br>    Defendants. | No. A:24-CV-00040-DII |

### DEFENDANTS' MOTION TO DISMISS

Defendants THE UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA"), ISABEL CASILLAS GUZMAN ("the Administrator") and the UNITED STATES OF AMERICA ("the United States") move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) as follows:

### BACKGROUND

This is an Administrative Procedure Act ("APA") and Declaratory Judgment Act ("DJA") case arising out of an SBA Paycheck Protection Program ("PPP")[1] loan to Plaintiff. Basically, Plaintiff disagrees with SBA's decision on Plaintiff's North American Industry Classification System ("NAICS") code in Plaintiff's application to have its PPP loan forgiven. [Dkt. #1 ¶ 4].

---

[1] The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") PPP was a temporary SBA program designed to immediately assist certain small businesses during the COVID-19 shutdowns by providing forgivable federally guaranteed loans to help maintain their payrolls. *E.g., Seville Indus., Inc. v. U.S. Small Bus. Admin.,* 2024 WL 697592 at *1-3, No. 6:22-CV-06229 (E.D. Louisiana, February 20, 2024), *see also* SBA First IFR, 85 Fed. Reg. 20811 (effective April 15, 2020). The PPP was implemented under Section 7(a) of the Small Business Act and administered by SBA and its regulations promulgated under the act. *Id.,* 15 U.S.C.§ § 636(a)(36), 636((b)(7), *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 840 (5th Cir. 2020); *see also Brothers Petroleum, L.L.C., v United States,* 569 F. Supp 405, 414 (E.D. Louisiana, 2021). The PPP was a loan program, not a grant, and unless eligible for forgiveness, the maker is expected to satisfy the debt. *Bruckner Truck Sales, Inc. v Guzman*, 2023 WL 860761 at * 1, 6, No. 2:23-CV-097-Z (N.D. Tex., Amarillo, December 12, 2023) (citing *Springfield Hosp., Inc.. Guzman,* 28 F.4th 403, 423 (2d. Cir. 2022)), *Brothers Petroleum, L.L.C.,* 569 F. Supp. at 414 (internal citations omitted).

SBA correctly determined Plaintiff is a business whose NAICS code begins with "71" and (together with other reasons) denied forgiveness of Plaintiff's loan. [*Id.* ¶¶ 4-5, 42, 44-46]. Plaintiff now claims it is a business whose NAICS code should begin with "72", and based on that its loan should have been forgiven. [*Id.* ¶¶ 53-57]. Regardless of how Plaintiff couches its claims for relief, Plaintiff essentially asks the Court to tell SBA to forgive their loan. [*Id.* ¶¶ 75, 81, 87(f)]. The Court cannot do this because it lacks jurisdiction.

## THE IMPORTANCE OF THE NAICS CODE

NAICS codes establish the "primary industry" of the borrower and are used in SBA's "size standards" to define whether a business is "small" and thus eligible for a loan. *See* 13 C.F.R. §§ 121.101; 121.201. NAICS codes are self-assigned, meaning nobody "assigns" a code; the business itself selects the code that best depicts its primary business activity and then uses it when asked for their code. *See What is a NAICS Code and Why do I Need One*?, NAICS Association (last visited March 26, 2024).

PPP eligibility depends on the "size" of the applicant combined with its 'affiliates." *See* 13 C.F.R. §§ 121.103(a); 121.301(a). The CARES Act waived the "affiliate rules" for PPP loans to certain "small" businesses with not more than 500 employees that were assigned a NAICS code "72" at the time a covered loan was disbursed. 15 U.S.C. § 636(a)(36)(D)(iv)(I), *see also* SBA Second IFR 85 Fed. Reg. 20818.

This means that a business with a NAICS code beginning with "72" would not be combined with its "affiliates" to determine its "size." *See id.* This is why Plaintiff now wants to be a NAICS code "72" business, instead of a NAICS Code "71" business that does not get an affiliate waiver.

## RELEVANT FACTS

Plaintiff and its various affiliates own and operate "the 4-star Horseshoe Bay Resort." [*Id.* ¶¶ 3, 30-34]. On April 28, 2020, Plaintiff, through its lender, applied for a $2,370,474.50 PPP loan and to be eligible was required to certify the number of its employees and any other businesses

that it owned or shared common management (i.e. "affiliates"). [Ex. 1]. Plaintiff disclosed 380 employees and provided a list of its other businesses. [*Id.*] The list omitted Plaintiff's wholly owned affiliate "Horseshoe Bay Resort Destinations, L.L.C." ("HB Destinations"). [*Id.*]. Based on the information Plaintiff provided, the lender immediately approved Plaintiff's application and the loan was disbursed the same day on April 28, 2020. [Ex. 2].[2]

On September 24, 2021, Plaintiff, through its lender, applied to SBA for forgiveness of the loan and certified to SBA that its NAICS code was "71." [Ex. 3].[3] On April 11, 2022, SBA notified Plaintiff, through its lender, that it had identified eight (8) possible affiliates of Plaintiff and requested information on them, including HB Destinations. [Ex. 5]. On April 22, 2022, Plaintiff submitted its Form 3511 Affiliation Worksheet that disclosed HB Destinations for the first time. [Ex. 6]. Plaintiff sought forgiveness based on an "employee size" standard and again certified (twice) to SBA that its NAICS code was "71." [*Id.*. Part B, Sections I-III]. Plaintiff further certified that its affiliate HB Destinations had 294 employees. [*Id.* Section IV].

On January 24, 2023 SBA issued its Final Loan Review Decision ("FLRD") holding that Plaintiff was ineligible to receive a PPP loan and thus denied forgiveness [Dkt. #1, ¶¶ 44-45], [Ex. 7].[4] Among other reasons, Plaintiff, together with its wholly owned affiliate HB Destinations, had too many employees (over 500) and was not eligible for a code "72" affiliation waiver. [*Id.*]. On February 10, 2023, only seventeen (17) days after the FLRD and almost three (3) years after the

---

[2] Since the intent was to disburse PPP funds as quickly as possible, eligibility for PPP loans relaxed several 7(a) origination/underwriting requirements and thus was heavily dependent on self-certification by the borrower. *See* SBA First IFR, 85 Fed. Reg. 20811, ¶ 1.

[3] Plaintiff also self- assigned its NAICS code as "71" in its 2019 and 2020 tax returns. [Ex. 4] (pg. 1, redacted); [Dkt. #1 ¶ 37]. This is significant because Plaintiff did not disclose its NAICS code in its loan application and thus was required to use their tax return NAICS code in their loan forgiveness application. *See* PPP Loan Forgiveness Application Form 3508EZ and Instructions, Rev. July 30, 2021 (https://www.sba.gov/document/sba-form-3508ez-ppp-ez-loan-forgiveness-application-instructions) (last visited April 5 2024).

[4] Only an "eligible recipient" may receive forgiveness of a PPP loan 15 U.S.C. § 636m(b). If a borrower is found ineligible, forgiveness can be denied even if the borrower obtained the loan. *Bruckner Truck Sales, Inc.,* 2023 WL 860761 at * 1, 4-5, s*ee also* SBA Loan Forgiveness IFR, 85 Fed. Reg. 33010 (effective June 1, 2020).

loan was disbursed, Plaintiff wrote to the IRS seeking to change its NAICS code to "72" [Ex. 8], [Dkt. #1 ¶81(d)].

Plaintiff unsuccessfully appealed to the SBA Office of Hearings and Appeals ("OHA") and the FLRD was fully affirmed on May 9, 2023. [*Id.* ¶ 59], [Ex. 9]. Plaintiff's Petition for Reconsideration was denied on June 16, 2023. [*Id.* ¶ 70], [Ex. 10].[5] The instant lawsuit followed.

## MOTION TO DISMISS

**Fed. Rule Civ. P. 12(b)(1) Requires Dismissal When The Court Lacks Jurisdiction**

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). While the Court considers the allegations in the complaint as true in a facial attack, in a factual attack the court may consider matters outside the pleadings, such as affidavits and other documents. *E.g., Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.) *cert. denied,* 449 U.S. 953 217 (1980). District Courts have broad discretion on how to consider subject matter jurisdiction challenges and "*considerable latitude* in devising the procedures it will follow to ferret out the

---

[5] To the extent necessary, pursuant to Fed. R. Evid. 201(b)(2), Defendants request the Court to take judicial notice of the following exhibits, all of which are part of the administrative record below:

| | | |
|---|---|---|
| Ex. 1 | Plaintiff's Borrower Application Form 2483 (redacted) |
| Ex. 2 | SBA Lender's Transcript of Account |
| Ex. 3 | Plaintiff's Loan Forgiveness Application Form 3508EZ (hi-lighted and redacted) |
| Ex. 4 | Plaintiff's 2019 and 2020 IRS Form 1065, pg. 1 (hi-lighted and redacted) |
| Ex. 5 | SBA letter to Plaintiff's lender |
| Ex. 6 | Plaintiff's Affiliation Worksheet Form 3511 (hi-lighted and redacted) |
| Ex. 7 | SBA FLRD |
| Ex. 8 | Plaintiff's letter to IRS (redacted) |
| Ex. 9 | OHA Corrected Decision |
| Ex. 10 | OHA Decision on Petition for Reconsideration |

facts pertinent to jurisdiction." *Harty v. West Point Rlty, Inc.* 28 F.4th 435, 441, 442 (2d Cir. 2022) (quoting *APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003) (emphasis original). When deciding a 12(b)(1) motion and subject matter jurisdiction, "the district court is 'free to weigh the evidence and resolve the factual disputes in order to satisfy itself that it has power to hear the case.'" *Krim v pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).

**Only APA Section 702 Waives Sovereign Immunity**

Plaintiff seeks judicial review of SBA's decision(s) pursuant to 28 U.S.C. § 1331 and APA Section. 706 [Dkt. #1 ¶ 11]. However, the APA itself does not provide an implied grant of subject matter jurisdiction, but rather only provides a cause of action for a properly asserted federal question. *See California v. Sanders,* 430 U.S. 99, 107 (1997). Although Plaintiff cites Section 706 of the APA as a basis for jurisdiction, Section 706 does not define whether there has been waiver of sovereign immunity under section 702. *See Alabama-Coushatta Tribe of Tex. v. United States,* 757 F.3d 484, 491 (5th Cir. 2014) (in context of final agency action required for APA review). On its face, Section 706 grants no rights and simply defines the Court's scope of review over agency actions and the relief that could be granted. *See* 5. U.S.C. § 706.  As such, the true federal question in this case arises under the statutes "whose violation is the gravamen of the complaint." *Stockman v. Federal Election Comm'n,* 138 F.3d. 144, 151-52 (5th Cir. 1998) (quoting *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 886 (1990)). In this case, the statutes are the Small Business Act and CARES Act, and to maintain the action the only applicable waiver of sovereign immunity is Section 702 of the APA. *Alabama-Coushatta Tribe of Tex.,* 757 F.3d. at 488 (citing *Koehler v. United States,* 153 F.3d 263, 265 (5th Cir. 1998)).

**APA Section 702 Does Not Waive Sovereign Immunity For Injunctive Relief Against SBA**

"The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex. rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 287 (1983). Because sovereign immunity is jurisdictional, the consent or waiver must be unequivocally

expressed. *E.g., Freeman v. United States,* 556 F. 3d 326, 335 (5th Cir. 2006). In general, the scope of any waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter,* 533 U.S. 474, 491 (2008). Plaintiff has the burden to show an unequivocal waiver of sovereign immunity. *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F. 3d 307, 315 (5th Cir. 2009).

Section 702 of the APA waives sovereign immunity for certain non-monetary claims against federal government agencies, but not "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Actions against the Administrator of SBA for an injunction, among others, are statutorily prohibited by the Small Business Act. 15 U.S.C. § 636(b)(1). Based on this, the Fifth Circuit has consistently held the APA does not waive sovereign immunity for claims seeking injunctive relief against SBA and all such claims are "*absolutely prohibited,*" specifically in the context of PPP loan decisions. *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F. 3d at 840 (emphasis original) (denial of PPP loan under CARES Act), *see also Shumaker v. Guzman,* WL 1183712 at *1, No. 22-40049, 2022 (5th Cir. April 21, 2022) (denial of EIDL[6] advance under CARES Act), *Shumaker v. Guzman,* 2023 WL 143276 at *2, No. 22-40409 (5th Cir. February 1, 2023) (injunction to fund EIDL under CARES Act)*, Jackson v. Small Bus. Admin.,* 2022 WL 18456351 at *4-5, No. 3:22-CV-986-S-BH (N.D. Tex., Dallas, December 16, 2022) (denial of EIDL).

Here, in its APA claim Plaintiff asks the Court to "direct the SBA to grant forgiveness to Plaintiff regarding its PPP loan." [Dkt. #1, ¶¶ 75, 81]. Plaintiff makes essentially the same request in its DJA claim where Plaintiff asks the Court to "declare" (tell) SBA that it "must grant forgiveness of the PPP loan to Plaintiff." [Dkt. #1, ¶¶ 87 (f), VI (b)(6)]. An injunction "tells someone what to do or not to do," as compared to a vacatur that only reinstates "the status quo

---

[6] Economic Injury Disaster Loan, another temporary SBA COVID program under the CARES Act, now closed due to exhaustion of program funds. *See* sba.gov/funding-programs/loans/covid-19-relief-options/eidl#, (last visited April 8, 2024).

absent the unlawful agency action and neither compels nor restrains further agency decision-making." *Texas v. Biden,* 646 F. Supp. 753, 768 (N.D. Tex., 2022) (citations omitted), *see also* Black's Law Dictionary 855 (9th ed.2009) (defining injunction as a "court order commanding or preventing an action"). So, regardless of how Plaintiff's claims for relief are couched, injunctive relief is in fact what Plaintiff is asking the Court to grant; namely, tell SBA to forgive their PPP loan. The Court lacks jurisdiction to issue such an injunctive command to SBA and as such Plaintiff's claims must be dismissed.

**The DJA Provides No Independent Basis For Jurisdiction**

Pursuant to the DJA, "[i]n a case of "actual controversy *within its jurisdiction* ...the Court may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). However, "[T]he Declaratory Judgments Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." *Shumaker v. Guzman*, 2022 WL 2902843 at * 9, No. 7:21-CV-00477 (S.D. Tex., McAllen, April 4, 2022) *affirmed* 2023 WL 143276 (5th Cir. 2023) (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (internal citations omitted)). The "Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Shelby v The City of El Paso,* 2013 WL12086210 at *9, No. EP-12-CV-0200-DCG (W.D. Tex., El Paso, June 5, 2013) (quoting *Aetna Life Ins.Co. v. Haworth*, 300 U.S. 227, 239-241 (1937)). A petition for declaratory judgement concerning federal law is not sufficient to create federal jurisdiction and the action must arise under some other federal law. *Garr v. Quirk*, 86 F.3d. 451, 453 (5th Cir. 1996).

**APA Section 702 Does Not Waive Sovereign Immunity For Injunctive Relief Disguised as Declaratory Relief**

Courts have held that generally, declaratory relief is available against SBA in the context of PPP decisions. *See Brothers Petroleum, LLC,* 569 F. Supp. 3d at 409-10.  However, declaratory

relief is not available against the SBA if it is only a "shallow subterfuge for an unavailable injunction." *Id., Valley Const. Co. v. Marsh,* 714 F.2d 26, 29 (5th Cir. 1983) (citing *Expedient Services, Inc. v. Weaver,* 614 F. 2d 56 (5th Cir. 1980)).

Here, as noted *supra,* in its DJA claim Plaintiff asks the Court to "declare" (tell) SBA that it "must grant forgiveness of the PPP loan to Plaintiff." This is all Plaintiff has ever sought and nothing else. This is not declaratory relief, not vacatur and is prohibited injunctive relief against SBA by any other name, for which there is no waiver of sovereign immunity under the APA and no jurisdiction. As such, there is also no jurisdiction over Plaintiff's DJA claim since it creates no rights, this is not a case within the Court's jurisdiction and Plaintiff is simply trying to make an end run around the prohibition against injunctive relief against SBA. Plaintiff's DJA claim is a mere subterfuge that must be dismissed.

**Should The Court Find Jurisdiction, It Should Be Limited To Plaintiff's Claims For Alternative Relief, Any Limited Declaratory Relief Associated With Those Claims And Remand**

In what is probably a tacit admission that their lawsuit seeks prohibited injunctive relief against SBA, Plaintiff has requested two alternative forms of relief from the Court in its APA claim. [Dkt. #1, ¶¶ 76, 82]. Both essentially request the same thing; vacatur and remand. *[Id*.]. Vacatur is a less drastic remedy than injunctive relief that only reinstates the status quo. *Texas v. Biden,* 646 F. Supp. at 768 (citations omitted), *see also supra.* The test for vacatur considers 1) the seriousness of deficiencies of action, that is, how likely the agency will be able to justify its decision on remand and 2) the disruptive consequences of vacatur. *Texas v. Biden,* 20 F.4th 928, 1000 (5th Cir. 2021) *reversed on other grounds and remanded*, 597 U.S. 785 (2022). Remand without vacatur is "generally appropriate when there is at least a serious possibility that the agency will be able to substantiate its decision when given an opportunity to do so." *Id.* (citing *Tex. Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n,* 989 F.3d 368, 389-90 (5th Cir. 2021)). Courts have recognized that vacatur is an available remedy against SBA under the APA. *See Daco*

*Investments, LLC v. U.S. Small Bus. Admin.*, 2024 WL 750594 at * 5-6, No. 6:22-CV-01444 (W.D. Louisiana, February 22, 2024).

    Since the Court is not yet balancing the equities in connection with this jurisdictional challenge, the Court should defer examination of Plaintiff's various representations to the government about its NAICS code. The Court should also defer examination of SBA's ability to justify its decision, even though it has successfully justified its decision twice already before the OHA. Instead, should the Court decide that Plaintiff is not really seeking prohibited injunctive relief, then its exercise of jurisdiction should be limited to Plaintiff's claims for alternate relief and only what is necessary to decide this limited controversy; simply 1) was SBA's decision to rely on Plaintiff's tax returns as part of its PPP eligibility analysis arbitrary and capricious or against the law and 2) any limited factual or legal declarations associated with that decision that 3) the Court believes SBA should consider on remand in connection with Plaintiff's request to be a NAICS Code "72" business that SBA hasn't considered already, if any. In other words, not to command a different result, but merely to require that SBA's action be "reasonable and reasonably explained", and that "the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues." *Brothers Petroleum, LLC*, 569 F. Supp. at 412-13. This is especially true when considering that SBA's interpretation of its own regulations must be accorded the greatest possible deference, even if it may not appear as reasonable as some other interpretation. *Expedient Services, Inc. v. Weaver*, 614 F.2d 56, 57, n.1 (5th Cir. 1980) (citations omitted).

**WHEREFORE PREMISES CONSIDERED**, Defendants respectfully pray that upon final consideration the Court grant this motion, dismiss Plaintiff's claims and grant Defendants such other and further relief to which they may be justly entitled.

Dated: April 29, 2024

Respectfully submitted,

**Jaime Esparza**
United States Attorney

By: */s/ Darryl S. Vereen*
**Darryl S. Vereen**
Assistant United States Attorney
Texas Bar No. 00785148
darryl.vereen@usdoj.gov
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7170
Fax. (210) 384-7358

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on April 29, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system. The CM/ECF system will send notification to the following CM/ECF participant(s):

Leane K. Capps
lcapps@polsinelli.com

James W. Kim
james.kim@polsinelli.com

*/s/ Darryl S. Vereen*
**Darryl S. Vereen**
Assistant United States Attorney