**EXHIBIT 7**

**SBA FLRD**



**SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

01/24/2023

VIA FORGIVENESS PLATFORM

Julie McCaulley

BancorpSouth Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
    Borrower: HORSESHOE BAY RESORT HOLDINGS, LLC
    SBA Loan No.: 3866357206
    Approved Loan Amount: $2,370,747.50
    Loan Approval Date: 04/27/2020
    Lender Forgiveness Decision Submission Date: 09/24/2021
    Lender Forgiveness Decision Amount: $2,370,747.50
    SBA Final Forgiveness Amount: $ 0.00

## Dear: Julie McCaulley

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan. Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision as follows:**

**After review of the documentation provided, the SBA concludes the Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards.**

**It is verified that the borrower selected Employee-Based size standard when making its eligibility certification per the SBA Form 3511 dated April 22, 2022. The borrower and its affiliates have a combined employee count of 593, which exceeds SBA's Employee-Based size standard of 500 employees.**

**It is verified per page 3 of "Statement of Operations 2019" that gross receipts for the Calendar year of 2019 were $32,665,891. Per page 37 of the internal attachment "Attorney Letter", gross receipts for the fiscal year of April 9, 2019 through March 31, 2020 were $61,079,267. Both of these reported revenues exceed the Receipts-Based size standard of $19,000,000**

**for NAICS code 713910.**

**The subject loan was also determined to be ineligible for an affiliation waiver as it does not have a NAICS code beginning with 72. It is noted per page 4 of the internal attachment "Attorney letter" that the largest source of revenue for the Borrower was from Membership rather than Food & Beverage. The documents "Statement of Operations 2019" and "Statement of Operations 2020" further confirm that the majority of revenue was derived from Membership rather than Food & Beverage. Per 13 CFR 121.107 "In determining the primary industry in which a concern or a concern combined with its affiliates is engaged, SBA considers the distribution of receipts, employees and costs of doing business among the different industries in which business operations occurred for the most recently completed fiscal year." Therefore, the SBA concludes that a 72 NAICS code affiliation waiver does not apply in this case.**

**Additional documentation was requested to evaluate the borrower's eligibility under alternative size standard, such as a completed SBA Form 3511 inclusive of all affiliates and comparable documentation to verify Tangible Net Worth and Average Net Income. The requested documentation was not provided, therefore an evaluation of Alternative Size Standard cannot be completed.**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review

decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to [Office of Hearings and Appeals](#).
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration