**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| HORSESHOE BAY RESORT HOLDINGS, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:24-CV-00040 |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration, | § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF HORSESHOE BAY RESORT HOLDINGS, LLC'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE PITMAN:

Plaintiff Horseshoe Bay Resort Holdings, LLC ("Horseshoe Bay" or "Plaintiff") files this Response to the United States Small Business Administration and Isabella Casillas Guzman's (collectively, "Defendants") Motion for Summary Judgment. Horseshoe Bay requests that the Court deny Defendants' Motion because the Defendants have failed to show that the essential components of Horseshoe Bay's claims are lacking. In support of this Response, Horseshoe Bay respectfully shows the following:

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. ii

TABLE OF AUTHORITIES .............................................................................................. iii

INTRODUCTION .............................................................................................................. 1

SUMMARY OF THE CASE ............................................................................................... 1

I.      Operative Facts ................................................................................................. 1

II.     Procedural History ........................................................................................... 2

STANDARD OF REVIEW ................................................................................................. 3

ARGUMENT .................................................................................................................... 4

I.      The Court should deny Defendants' Motion because it attempts to impermissibly rationalize the SBA-OHA's decision *post hoc*. ............................ 4

        A.    Defendants now claim they considered more than just the NAICS Code on Horseshoe Bay's tax forms. ................................................................. 5

        B.    Defendants offer a new reason for considering Horseshoe Bay without its affiliates. ................................................................................................ 6

II.    The Court should deny Defendants' Motion because it fails to adequately address Horseshoe Bay's claims. ........................................................................ 7

        A.    Defendants' "undisputed facts" are misleading. ........................................ 8

        B.    Defendants fail to address the primary flaws in their decision-making.... 9

CONCLUSION.................................................................................................................. 11

TABLE OF AUTHORITIES

**Cases** Page(s)

*Am. Comp. Ins. Co. v. Ruiz*,
 No. 22-60579, 2023 WL 6644505 (5th Cir. Oct. 12, 2023) ........................................ 3

*Am. Stewards of Liberty v. Dep't of the Interior*,
 370 F. Supp. 3d 711 (W.D. Tex. 2019) ...................................................................... 4

*Amin v. Mayorkas*,
 24 F.4th 383 (5th Cir. 2022) ....................................................................................... 4

*Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*,
 45 F.4th 846 (5th Cir. 2022) ................................................................................... 4, 6

*Dep't of Homeland Sec. v. Regents of the Univ. of Ca.*,
 591 U.S. 1 (2020) ..................................................................................................... 4, 5

*Ohio v. EPA*,
 603 U.S. 279 (2024) .................................................................................................. 10

*Texas v. Biden*,
 20 F.4th 928 (5th Cir. 2021), *as revised* (Dec. 21, 2021),
 *rev'd and remanded on other grounds*, 597 U.S. 785 (2022) ..................................... 10

*United Steel v. Mine Safety & Health Admin.*,
 925 F.3d 1279 (D.C. Cir. 2019) ................................................................................ 10

*Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*,
 428 F. App'x 364 (5th Cir. 2011) .............................................................................. 10

*Wage & White Lion Invs., LLC v. FDA*,
 16 F.4th 1130 (5th Cir. 2021) ..................................................................................... 4

**SBA-OHA Cases**

*Size Appeal of Grp. O*,
 SBA No. SIZ-4441 (June 28, 2001) ............................................................................ 7

**Statutes**

CARES Act, Pub. L. No. 116–136, 134 Stat. 281 ............................................................ 10

5 U.S.C. § 706 ..................................................................................................................... 4

15 U.S.C. § 636 ................................................................................................................. 10

**Rules**

Fed. R. Civ. P. 56.................................................................................................... 3

**Regulations**

13 C.F.R. § 121.107 ............................................................................................... 3, 5, 10

13 C.F.R. § 121.301 ............................................................................................... 7

## INTRODUCTION

Horseshoe Bay filed its Complaint in this Court on January 10, 2024, seeking judicial review of the SBA's decision to deny Horseshoe Bay loan forgiveness under the Paycheck Protection Program ("PPP"). On January 10, 2025, Defendants filed their Motion for Summary Judgment, attempting to show that they complied with the CARES Act and acted reasonably, but Defendants failed to do so. Instead, Defendants presented improper *post hoc* explanations, used misleading "undisputed" facts, and conflated the SBA's Initial Decision with the SBA-OHA's Corrected Decision to attempt to obtain judgment in their favor. None of these improper tactics show judgment should be granted against Horseshoe Bay's claims. Accordingly, the Court should deny Defendants' Motion

## SUMMARY OF THE CASE

### I. Operative Facts[1]

**HORSESHOE BAY.**[2] Plaintiff Horseshoe Bay and its affiliates operate a four-star resort in the Texas Hill Country (the "Resort"), offering its visitors a variety of experiences just forty-five minutes outside the state's capitol city.[3] Horseshoe Bay wholly owns several other entities that contribute to the Resort but independently operates aspects such as the golf course, spa, restaurants and bars, and club memberships.[4] For tax purposes, Horseshoe Bay lists such affiliates on its IRS Form 1065 as disregarded entities, filing a single tax return under Horseshoe Bay's name.[5] Form 1065 requires Horseshoe Bay to identify a business code under the North American Industry

---

[1] Horseshoe Bay relies upon, adopts, and incorporates by reference as evidence in support of this Response the certified Administrative Record filed with the Court on September 6, 2024. References to the record will be cited as "AR at ___" when the document includes a page number in the bottom, right-hand corner from the SBA's review. When the document does not contain a page number from the SBA, Horseshoe Bay identifies the document by name and ECF number.
[2] For a more thorough recitation of the facts, see Plaintiff's Motion for Summary Judgment, which is incorporated by reference as if fully set forth herein.
[3] *See* Am. Compl. ¶ 30.
[4] *Id.* ¶ 31.
[5] *Id.* ¶ 35–36.

Classification System ("NAICS"), often referred to as a "NAICS Code."[6] Since Horseshoe Bay filed its Form 1065 under its own name, Horseshoe Bay identified a NAICS Code beginning in 71 because it felt the code described its operations individually—without its affiliates.[7]

**HORSESHOE BAY'S PPP LOAN.** On or around April 28, 2020, Horseshoe Bay applied for a PPP loan in the amount of $2,370,747.50, which the SBA approved.[8] The loan was disbursed on May 1, 2020.[9] On September 24, 2021, Horseshoe Bay applied for loan forgiveness, submitting SBA Form 3508EZ with a NAICS Code of 713910 because the SBA instructed applicants to use the code listed on their tax returns.[10] Horseshoe Bay's lender approved forgiveness in full.[11] The SBA, however, informed the lender on April 11, 2022, that it was considering fully denying Horseshoe Bay's application for loan forgiveness.[12] Horseshoe Bay responded with additional information, explaining to the SBA that its NAICS Code should begin with 72 to be accurate for PPP purposes.[13]

## II. Procedural History

**THE INITIAL DECISION.** On January 24, 2023, the SBA denied Horseshoe Bay's application for loan forgiveness (the "Initial Decision"), stating that Horseshoe Bay was ineligible because it, together with its affiliates, exceeds the SBA's size standards.[14] Additionally, the SBA believed Horseshoe Bay did not qualify for a NAICS-72 affiliation waiver—which would have

---

[6]AR at 387, 600.
[7]Am. Compl. ¶ 36.
[8]AR at 828–29.
[9]AR at 1.
[10]AR at 31; *see* Corrected Decision, at 9, ECF No. 30-43. There was some confusion regarding whether Horseshoe Bay's NAICS Code for tax purposes was 713900 or 713910. Horseshoe Bay's Chief Financial Officer believed the tax Form 1065 listed NAICS Code 713910 and, thus, used that number on the Form 3508EZ. *See* AR at 351. Regardless of which NAICS Code was used, they both began in 71, which is the primary concern in this case.
[11]AR at 1, 28. Typically, the SBA works with private lenders to provide loans. Horseshoe Bay's lender was BancorpSouth Bank ("Bancorp").
[12]AR at 816–20.
[13]*See* AR at 350–60, 1142–46.
[14]Initial Decision, at 1–2, ECF No. 30-2.

allowed Horseshoe Bay to meet the size standard—because, under the SBA's primary-industry analysis, Horseshoe Bay's NAICS Code was 713910.[15]

**THE CORRECTED DECISION.** Horseshoe Bay appealed the Initial Decision to the SBA's Office of Hearings and Appeals ("SBA-OHA"), which issued its Corrected Decision on May 9, 2023.[16] The SBA-OHA affirmed the Initial Decision on the ground that there were no clear errors of law or fact since Horseshoe Bay exceeded the size standards and was not entitled to an affiliation waiver due to a "self-assigned" NAICS Code beginning with 71.[17] Specifically, the SBA-OHA stated that there is "no place" for conducting a primary-industry analysis, as the SBA did in its Initial Decision, but still affirmed due to the self-assignment.[18] Horseshoe Bay filed a petition for reconsideration, which the SBA denied on June 16, 2023.[19] Horseshoe Bay exhausted its administrative remedies and filed its Complaint on January 10, 2024, seeking judicial review in this Court.[20]

## STANDARD OF REVIEW

A party is only entitled to summary judgment when it shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When a movant does not bear the ultimate burden of proof at trial, a court will deny the motion unless the movant shows that an essential element of the plaintiff's claim is lacking. *Am. Comp. Ins. Co. v. Ruiz*, No. 22-60579, 2023 WL 6644505 (5th Cir. Oct. 12, 2023). In a case seeking judicial review under the APA, the district court sits as an appellate tribunal and reviews the case as a question of

---

[15] *Id.* at 2; *see also* 13 C.F.R. § 121.107 (primary-industry analysis).
[16] Pet. of Appeal from Loan Forgiveness Denial Decision, ECF No. 30-2; Corrected Decision, ECF No. 30-43. For the sake of clarity, Horseshoe Bay refers to the OHA as the "SBA-OHA" because it is necessary, at times, to distinguish between the SBA, as a whole, and the OHA, as an internal branch of the SBA.
[17] Corrected Decision, at 9–10, ECF No. 30-43.
[18] *Id.* at 9.
[19] Pet. for Recons., at 1, ECF No. 30-43.
[20] On May 13, 2024, Horseshoe Bay filed an Amended Complaint.

law, effectively using the certified administrative record in place of summary judgment evidence. *Am. Stewards of Liberty v. Dep't of the Interior*, 370 F. Supp. 3d 711, 723 (W.D. Tex. 2019) (citation omitted). Summary judgment is the vehicle for determining whether the final agency decision should be set aside. *Amin v. Mayorkas*, 24 F.4th 383, 391 (5th Cir. 2022); *id.* Thus, summary judgment follows the standards of review set forth under the APA. *Am. Stewards*, 370 F. Supp. At 723; *see also* 5 U.S.C. § 706(2). Specifically, the Court must set aside an agency decision when it is: (1) in excess of statutory authority; or (2) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A), (C).

## ARGUMENT

When dealing with the public, administrative agencies must "turn square corners." *Dep't of Homeland Sec. v. Regents of the Univ. of Ca.*, 591 U.S. 1, 24 (2020). In this case, the SBA did not abide by that principle when it denied Horseshoe Bay over $2.3 million in loan forgiveness based solely on an incorrectly assigned NAICS code instead of conducting the primary-industry analysis required by Congress's instructions and the SBA's own regulations. Now, the SBA attempts to survive judicial review using *post hoc* rationalizations and misleading facts, without directly addressing its flawed reasoning. Accordingly, the Court should deny the Defendants' Motion for Summary Judgment.

**I.      The Court should deny Defendants' Motion because it attempts to impermissibly rationalize the SBA-OHA's decision *post hoc*.**

Agencies are strictly bound to the reasons given at the time of their decision. *Id.* An agency may not attempt to rationalize its actions *post hoc*. *Id.* In fact, offering a *post hoc* rationalization in itself indicates that the action is arbitrary and capricious. *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 856 (5th Cir. 2022) (citing *Wage & White Lion Invs., LLC v. FDA*, 16 F.4th 1130, 1140 (5th Cir. 2021)). Here, Defendants attempt to impermissibly justify the SBA-OHA's

Corrected Decision by now claiming that it: (1) based its decision on more than just the NAICS Codes listed on Horseshoe Bay's taxes; and (2) analyzed Horseshoe Bay without its affiliates because Horseshoe Bay applied for a loan individually. Such reasons were not set forth in the Corrected Decision and cannot be considered. Thus, Defendants have failed to show they are entitled to summary judgment.

### A. Defendants now claim they considered more than just the NAICS Code on Horseshoe Bay's tax forms.

Defendants are limited to the explanation offered in the four corners of the SBA-OHA's Corrected Decision. *See Regents*, 591 U.S. at 24. Defendant's Motion fails to comply with that principle. Rather, Defendants argue that the SBA-OHA acted reasonably because "it is clear that the [Initial Decision] considered not just Plaintiff's tax return NAICS code, but also the financial data Plaintiff submitted to SBA."[21] Further, Defendants claim the "OHA merely concluded the self-assigned tax return was enough evidence to support SBA's decision."[22] That explanation, however, is not the one the Corrected Decision offers.

When pointing to "financial data," Defendants specifically refer to the *Initial* Decision, which did not incorporate Horseshoe Bay's tax forms but, instead, conducted a primary-industry analysis under 13 C.F.R. § 121.107 (albeit, conducted in an improper manner).[23] Horseshoe Bay's financial data only affected its NAICS Code through that analysis. The *Corrected* Decision, however, did not examine Horseshoe Bay's primary industry. In fact, the SBA-OHA expressly disavowed the primary-industry analysis, stating there was "no place" for it.[24] Thus, Defendants

---

[21] Defs.' Mot. for Summ. J., at 12.
[22] *Id.*
[23] Initial Decision, at 1–2, ECF No. 30-2.
[24] Corrected Decision, at 9, ECF No. 30-43. The Corrected Decision only referenced Horseshoe Bay's finances when concluding that Horseshoe Bay ultimately exceeded the SBA's size standards—a question separate and apart from NAICS Code designations. *Id.* at 7.

now incorrectly argue that they considered more than just Horseshoe Bay's tax forms even though the Corrected Decision not only fails to include that explanation, but also says precisely the opposite.

When discussing the self-assignment issue, the Corrected Decision stated, "In short, the PPP loan forgiveness application form [Horseshoe Bay] used incorporate[s] the borrower's NAICS Code from the borrower's tax return, and, in turn, SBA uses the PPP loan application form and PPP loan forgiveness application form to determine PPP eligibility."[25] The Corrected Decision then reaffirmed that the primary-industry analysis is tossed out and, along with it, the financial data that Defendants now improperly rely on.[26] Defendants cannot now defend its decision with the same evidence that the Corrected Decision expressly rejected.

Ultimately, the Defendants attempt to paint the SBA-OHA's actions as well-rounded, ignoring that the SBA-OHA's Corrected Decision pointedly disregarded considerations outside of Horseshoe Bay's tax forms. The SBA-OHA did not merely weigh the tax forms heavier than the other evidence. The SBA-OHA used the tax forms as the *only* evidence. Thus, the *post hoc* rationalizations offered in the Defendants' Motion pointing to considerations outside of those forms are impermissible and, in and of themselves, indicate that the SBA-OHA's decision is arbitrary. *See Data*, 45 F.4th at 858 ("And these *post hoc* rationalizations confirm that the action here is arbitrary and capricious."). The Motion should accordingly be denied.

**B.    Defendants offer a new reason for considering Horseshoe Bay without its affiliates.**

The Defendants also rely on *post hoc* rationalizations to explain why the SBA considered Horseshoe Bay's primary industry individually, without its affiliates. Now, they claim that

---

[25]*Id.* at 9.
[26]*Id.*

Horseshoe Bay was "properly evaluated alone" because it "was the only party (concern) that applied for this loan, not its affiliates."[27] Neither the Initial Decision nor the Corrected Decision offer that—or *any*—reason for disregarding Horseshoe Bay's affiliates. Thus, this explanation is not properly before the Court and must be disregarded.

Moreover, 13 C.F.R. § 121.301(a) designates which size standards apply to PPP eligibility cases, stating: (1) the size of the applicant alone must not exceed the size standard for its primary industry; and (2) the size of the application combined with its affiliates must not exceed the size standard designated for "either the primary industry of the applicant alone or *the primary industry of the applicant and its affiliates, whichever is higher*. Thus, to even determine which size standard applies, the SBA's regulations also require it to consider the primary industry of Horseshoe Bay *and its affiliates*. See Size Appeal of Grp. O, Inc.*, SBA No. SIZ-4441, at 3 (June 28, 2001) (requiring the SBA to include affiliates because a specific regulation "explicitly stated that this primary industry determination included the firm's affiliates"). Instead, the SBA-OHA deviated from Congress's language when it only considered the NAICS Code listed on Horseshoe Bay's Form 1065, which Horseshoe Bay explained does not incorporate the affiliates.

Accordingly, the Defendants' argument justifying the SBA's primary-industry analysis is another impermissible *post hoc* rationalization and cannot be considered. But even if it was not, the argument still contradicts the SBA's own regulations. Thus, the Motion should be denied.

II. **The Court should deny Defendants' Motion because it fails to adequately address Horseshoe Bay's claims.**

Where Defendants do not offer *post hoc* explanations, Defendants use misleading "undisputed" facts and conflate the Initial Corrected Decision to distract the Court from the SBA-OHA's arbitrary and capricious decision. None of these tactics adequately address Horseshoe

---

[27]Defs.' Mot. for Summ. J., at 11.

Bay's claims.[28] Indeed, Defendants fail to address the primary reasons why their actions were unlawful. They did not offer any reason why the SBA-OHA plainly disregarded the CARES Act, and they did not address the SBA-OHA's failure to reasonably explain straying from the prior practice of conducting a primary-industry analysis. Accordingly, the Court should deny the Defendants' Motion.

### A. Defendants' "undisputed facts" are misleading.

The SBA's list of "undisputed facts" omits critical facts and fails to paint an accurate picture for the Court. The SBA first claims that Horseshoe Bay "did not disclose its NAICS code in its loan application," seemingly attempting to cast doubt on Horseshoe Bay's credibility.[29] But as seen on the loan application itself, the form does not ask for a NAICS Code.[30] Similarly, the SBA repeatedly states that Horseshoe Bay certified that its NAICS Code began with 71. But the SBA admits in a footnote that the loan forgiveness application *required* Horseshoe Bay to use the NAICS Code listed on its tax returns.[31] Importantly, for each instance the SBA states that Horseshoe Bay "certified" its NAICS Code, the SBA did not offer Horseshoe Bay the opportunity to explain whether it was accurate for PPP purposes. Still, Horseshoe Bay repeatedly attempted to correct the error, such as on the Affiliation Worksheet where Horseshoe Bay attached an addendum explaining that a NAICS Code beginning in 72 would more accurately reflect its operations.[32]

Defendants also state that "the majority of Plaintiff's aggregated revenue, operating expenses and payroll was comprised of non-NAICS 72 operations."[33] This statement, however,

---

[28]Defendants also spends multiple pages arguing that certain authorities do not apply, most of which Horseshoe Bay did not cite in its Motion for Summary Judgment because they are not material its arguments. Defendants' contentions relating to those authorities do not negate Horseshoe Bay's claims.
[29]Defs.' Mot. for Summ. J., at 4 n.8.
[30]AR at 828–32.
[31]Defs.' Mot. for Summ. J., at 4 n.8.
[32]AR at 1129, 1131.
[33]Defs.' Mot. for Summ. J., at 5.

frames the case improperly. As the SBA-OHA has stated on numerous occasions, the SBA's regulations do not consider whether a business's primary industry accounts for the majority of receipts; instead, "the largest single block is sufficient." *Grp. O, Inc.*, SBA No. SIZ-4441, at 2. Thus, pointing to other business operations that could classify under a variety of different NAICS Codes does not support its decision.

Finally, the SBA misleadingly claims that Horseshoe Bay failed to "provide any information requested to be considered for eligibility under an alternative size standard."[34] Horseshoe Bay, however, had already informed the SBA on its Form 3511, the Affiliation Worksheet, that it was not seeking loan forgiveness based on an alternative size standard.[35] By labeling such facts as "undisputed" and omitting critical context, the SBA seeks to survive judicial review by implying that Horseshoe Bay was unreasonable and, therefore, the SBA could not have been. That fallacy is insufficient to show the Defendants are entitled to summary judgment.

### B. Defendants fail to address the primary flaws in their decision-making.

Following numerous pages of the Defendants' misleading characterizations and assertions, Defendants finally make their way to attempting to justify the Corrected Decision. Yet, Defendants still fail to directly address the Corrected Decision's flaws and, instead, tiptoe around the primary issues underlying this case: whether the SBA-OHA exceeded its authority under the CARES Act, departed from prior practice, and ignored all other relevant considerations when exclusively adopting the NAICS Code on Horseshoe Bay's tax forms.[36] Like the SBA-OHA's failure to adequately address these issues in its Corrected Decision, Defendants do so again here.

---

[34] *Id.* at 6.
[35] AR at 1442.
[36] Horseshoe Bay's arguments in support of these issues are contained in Plaintiff's Motion for Summary Judgment, which is incorporated by reference as if fully set forth herein.

As Horseshoe Bay explained in its Amended Complaint, the SBA-OHA failed to follow Congress's command in the CARES Act that PPP loan eligibility should follow the "same terms, conditions, and processes" as other section 7(a) loans when it failed to conduct a primary-industry analysis.[37] CARES Act, Pub. L. No. 116–136, 134 Stat. 281 (amending 15 U.S.C. § 636). Section 7(a) loan processes include the primary-industry analysis. *See* 13 C.F.R. § 121.107. The SBA-OHA also failed to explain why it departed from the prior practice of conducting a primary-industry analysis or even acknowledge such practice. In fact, when claiming that the analysis did not apply to PPP eligibility, the SBA-OHA never addressed the fact that *even the SBA's own briefing* to the SBA-OHA focused solely on the primary-industry analysis.[38] Yet, the Corrected Decision simply acts as if Horseshoe Bay's reliance on the argument was misplaced.

Further, by relying exclusively on Horseshoe Bay's tax forms, while Horseshoe Bay repeatedly informed the SBA that the forms were inaccurate for PPP eligibility, the SBA-OHA ignored important pieces of the problem. *See Ohio v. EPA*, 603 U.S. 279, 292 (2024) (stating that agencies "cannot simply ignore an important aspect of the problem") (citation omitted). Rather than address these arguments, the Defendants' Motion tiptoes around them.[39]

Defendants continuously conflate the Initial Decision and Corrected Decision, using aspects of the former to paint the latter as reasonable, despite the fact that the SBA-OHA disregarded much of the Initial Decision's reasoning, as explained above. Further, Defendants'

---

[37] Am. Compl. ¶ 17.
[38] SBA's Resp. to Pet. for Recons., at 8–11, ECF No. 30-43.
[39] Defendants' vacatur and remand analysis does not appropriately frame this case. First, a declaratory judgment action is not an injunctive remedy; rather, it simply rules on a legal issue between the parties. *See Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 F. App'x 364, 365 (5th Cir. 2011). Second, remand *with* vacatur is the appropriate remedy by default when district courts are faced with an unlawful agency action. *Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021), *as revised* (Dec. 21, 2021), *rev'd and remanded on other grounds*, 597 U.S. 785 (2022) (citing *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019)). Vacatur is justified here because, even after two appeals at the administrative level, the SBA failed to correct its errors. Remanding to the SBA for an additional attempt to justify its decision raises serious concerns about *post hoc* rationalizations. *See id.* at 1001 (explaining the risk of impermissible *post hoc* rationalizations post-remand).

Motion never addresses how or why it strayed from the CARES Act's instructions. Instead, Defendants act as if the SBA-OHA still applied the primary-industry analysis and that, under it, Horseshoe Bay "cites no authority" requiring the SBA to disregard the tax forms.[40] But Horseshoe Bay does not argue that the SBA was *required* to entirely ignore the forms; rather, the SBA simply cannot ignore all other considerations and base its decision *exclusively* on those forms because it is arbitrary and violates the CARES Act. The SBA only attempts to negate that contention by offering *post hoc* rationalizations and explanations from the Initial Decision that were disregarded and not properly before this Court.

Of course, the SBA is not obligated to offer the "best" decision possible. But Horseshoe Bay is only demanding that the SBA offer one that is well-reasoned and sufficiently explained. Because Defendants failed to do so, this Court should deny the Defendants' Motion.

## CONCLUSION

For the foregoing reasons, Horseshoe Bay asks that this Court deny Defendants' Motion for Summary Judgment and, instead, grant Horseshoe Bay's Motion for Summary Judgment, as well as all other such relief in law or in equity to which it may be justly entitled.

Dated: January 24, 2025

Respectfully submitted,

/s/ *Adrienne E. Frazior*
Adrienne E. Frazior
Texas State Bar No.: 24059546
afrazior@polsinelli.com
Ashley N. Gould
Texas State Bar No.: 24098171
agould@polsinelli.com
Tiffani A. Skroch
Texas State Bar No.: 24143413
tskroch@polsinelli.com
POLSINELLI PC
2950 N. Harwood Street, Suite 2100

---

[40]*See* Defs.' Mot. for Summ. J., at 12.

Dallas, Texas 75201
Telephone: (214) 661-5596
Facsimile: (214) 292-8794

*-and-*

James W. Kim
*Admitted Pro Hac Vice*
james.kim@polsinelli.com
POLSINELLI PC
1401 Eye Street NW, Suite 8900
Washington, DC 20005
Telephone: (202) 626-8301
Facsimile: (202) 350-9447

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure.

/s/ *Adrienne E. Frazior*
Adrienne E. Frazior