**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| HORSESHOE BAY RESORT HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration, | § § § § § § § § | Civil Action No. 1:24-CV-00040 |
| Defendants. | § § § | |

**PLAINTIFF HORSESHOE BAY RESORT HOLDINGS, LLC'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE PITMAN:

Plaintiff Horseshoe Bay Resort Holdings, LLC ("Horseshoe Bay" or "Plaintiff") files this Reply to the United States Small Business Administration and Isabella Casillas Guzman's (collectively, "Defendants") Response to Plaintiff's Motion for Summary Judgment. Horseshoe Bay has shown it is entitled to summary judgment, and requests that the Court grant its Motion.

## TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................... ii

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ................................................................................................... 1

ARGUMENT .......................................................................................................... 1

I.     Defendants' Response avoids the core issues underlying Horseshoe Bay's Motion. ................................................................................................... 1

II.    Defendants again rely on improper, *post hoc* rationalizations by conflating the Initial Decision with the Corrected Decision. ...................................................... 4

CONCLUSION ....................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Pages(s)**

*Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*,
  45 F.4th 846 (5th Cir. 2022) .................................................................................. 4

*Dep't of Homeland Sec. v. Regents of the Univ. of Ca.*,
  591 U.S. 1 (2020) .................................................................................................. 4

*Loper Bright Enterprises v. Raimondo*,
  144 S. Ct. 2244 (2024) .......................................................................................... 3

*Wage & White Lion Invs., LLC v. FDA*,
  16 F.4th 1130 (5th Cir. 2021) ................................................................................ 4

**Statutes**

15 U.S.C. § 636 ........................................................................................................ 3

**Regulations**

13 C.F.R. § 121.107 ............................................................................................... 3, 4

**INTRODUCTION**

Horseshoe Bay filed its Motion for Summary Judgment on January 13, 2025 (the "Motion"), requesting that the Court enter judgment in its favor on all claims against Defendants. On January 24, 2025, Defendants filed their response (the "Response"), repeating the same critical errors contained in their own motion for summary judgment and glossing over the primary issues before the Court. By doing so, Defendants failed to show how Horseshoe Bay is not entitled to summary judgment. Accordingly, the Court should grant Horseshoe Bay's Motion.[1]

**ARGUMENT**

Defendants avoid-and-distract strategies cannot save the SBA-OHA's Corrected Decision (the "Corrected Decision") from judicial review. First, Defendants attempt to distract the Court by citing alleged "omissions and misstatements" while avoiding the crux of this case: that the Corrected Decision contravenes the CARES Act and fails to adequately explain itself. Second, Defendants again lodge the same improper, *post hoc* rationalizations they relied upon in their own motion for summary judgment, which neither legally nor logically justify the Corrected Decision. Thus, Horseshoe Bay has shown it is entitled to summary judgment on all claims.

**I.       Defendants' Response avoids the core issues underlying Horseshoe Bay's Motion.**

Defendants fail to address the core arguments contained in Horseshoe Bay's Motion, namely, that the Corrected Decision disregards the CARES Act's requirements and fails to sufficiently explain why the SBA-OHA departed from prior practice.[2] Instead, Defendants dedicate almost the entire Response to identifying what they perceive to be "key omissions and

---

[1] For recitation of the operative facts and procedural history in this case, Horseshoe Bay directs the Court's attention to pages 1–7 of Horseshoe Bay's Motion for Summary Judgment.
[2] For a thorough discussion of these arguments, Horseshoe Bay directs the Court's attention to pages 7–16 of Horseshoe Bay's Motion for Summary Judgment.

misstatements."³ But the alleged "omissions and misstatements" are immaterial to the core issues, despite Defendants' attempts to frame them otherwise.

First, Defendants claim that Horseshoe Bay omits a portion of the CARES Act that applies the affiliation waiver based on Horseshoe Bay's NAICS Code "at the time the loan was disbursed."⁴ Yet, the NAICS Code was incorrect at the time the loan was disbursed, as Horseshoe Bay explained in its submissions to the SBA.⁵ It would be impractical to argue that the SBA does not care whether a NAICS Code is accurate, especially since the SBA initially conducted a primary-industry analysis in its initial decision denying loan forgiveness (the "Initial Decision").⁶ If the accuracy of NAICS Codes is immaterial to the PPP program, then the SBA would not have conducted the analysis in the first place. Further, if it were true that the self-designation was the only dispositive factor, then any entity could self-designate itself with a NAICS 72 code, even if improper, to obtain loan forgiveness. This logic contravenes the language of the CARES Act, as further briefed in Plaintiff's Motion.

Similarly, Defendants claim that Horseshoe Bay also "omits" that it "certified" its eligibility for a PPP loan under its size standard.⁷ Defendants argue that this eligibility certification implies that its NAICS Code is only self-assigned, since only Horseshoe Bay would know its NAICS Code at that point in time.⁸ But there is a sizeable gap in Defendants' reasoning. Certifying that Horseshoe Bay meets a size standard does not necessarily certify which NAICS Code applies, and the loan application itself did not ask for a NAICS Code.⁹ Still, even if the SBA does rely on

---

³Defs.' Resp. to Pl.'s Mot. for Summ. J., at 1–3, 5, ECF No. 39.
⁴*See id.* at 1.
⁵*See* AR at 1129, 1131.
⁶*See* Initial Decision, at 1–2, ECF No. 30-2.
⁷*See* Defs.' Resp. to Pl.'s Mot. for Summ. J., at 2, ECF No. 39.
⁸*See id.*
⁹*See* AR at 828–32.

this certification, as Defendants claim, then the same question once again follows: why did the SBA initially conduct a primary-industry analysis when reaching its Initial Decision?

Additionally, Defendants attempt to distract the Court by suggesting that some of Horseshoe Bay's case law is inapplicable and that certain regulations do not say what Horseshoe Bay claims.[10] These allegations are false and fundamentally misunderstand the SBA's regulatory scheme. Horseshoe Bay cited to SBA-OHA size determinations because (1) loan forgiveness appeals under the PPP—which is only a few years old—are not currently publicly available; and (2) the CARES Act specifically mandates that the PPP follow the same rules as other section 7(a) loans.[11] Indeed, the SBA's own attorneys also cited size determination decisions when responding to Horseshoe Bay's internal appeal to the SBA-OHA.[12]

Defendants' current arguments also contradict the SBA's prior briefing in other circumstances. For example, Horseshoe Bay stated in its Motion, "The SBA's regulations created the primary-industry analysis to determine a NAICS Code for the business and its affiliates."[13] Defendants responded that "the regulation says no such thing."[14] But when the SBA previously responded to this statement in its prior briefing, it stated "[Horseshoe Bay] *correctly* cites 13 C.F.R. 121.107 . . . as specifying the 'manner in which the SBA determines the applicable NAICS

---

[10]Defendants dedicate the last page of their Response to discussing how *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), does not change the analysis in this case. Defs.' Resp. to Pl.'s Mot. for Summ. J., at 5, ECF No. 39. As Horseshoe Bay's Motion explains, *Loper Bright* merely states that courts must use their independent judgment regarding statutory language, even if it is ambiguous. *Id.* at 2273. Since that section of the Motion discusses the CARES Act's requirements, the citation was well-fitting in case Defendants attempted to argue the CARES Act was ambiguous. As seen in Horseshoe Bay's Motion, this case does not stand or fall on the holding of *Loper Bright*.
[11]*See OHA Decisions*, U.S. Small Business Administration, https://www.sba.gov/about-sba/oversight-advocacy/office-hearings-appeals/oha-decisions (April 25, 2024); 15 U.S.C. § 636(a)(36)(B).
[12]*See* SBA's Resp. to Pet. for Recons., at 9, ECF No. 30-43.
[13]Pl.'s Mot. for Summ. J., at 8, ECF No. 37.
[14]Defs.' Resp. to Pl.'s Mot. for Summ. J., at 4, ECF No. 39.

code for a particular entity.'"[15] While it may be *literally* true that the language of 13 C.F.R. § 121.107 does not explicitly mention NAICS Codes, that is the *purpose* of the analysis.

Defendants cannot survive judicial review by squabbling over immaterial, alleged misstatements while avoiding the core issues altogether.[16] Accordingly, Horseshoe Bay has shown that the Corrected Decision should be set aside and that it is entitled to summary judgment.

## II. Defendants again rely on improper, *post hoc* rationalizations by conflating the Initial Decision with the Corrected Decision.

Agencies are not permitted to rationalize their decisions *post hoc*—they are strictly tied to the reasons given at the time of acting. *Dep't of Homeland Sec. v. Regents of the Univ. of Ca.*, 591 U.S. 1, 24 (2020). Simply offering a *post hoc* rationalization often indicates that the agency acted arbitrarily in the first place because the agency later found it necessary to tender new reasons for its decision. *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 856 (5th Cir. 2022) (citing *Wage & White Lion Invs., LLC v. FDA*, 16 F.4th 1130, 1140 (5th Cir. 2021)). Defendants made that mistake in their own motion for summary judgment and do so again in response to Horseshoe Bay's Motion. These *post hoc* statements are impermissible and thus cannot allow Defendants to avoid summary judgment.

Defendants repeatedly conflate the SBA's Initial Decision and the SBA-OHA's Corrected Decision—each of which offered different reasons for denying Horseshoe Bay's loan forgiveness.[17] Specifically, Defendants argue that the "SBA did not merely rely on Plaintiff's

---

[15] *See* SBA's Resp. to Pet. for Recons., at 8, ECF No. 30-43 (emphasis added).
[16] Other immaterial "misstatements" of fact include: (1) that the private lender approved Horseshoe Bay's loan, not the SBA; and (2) that the loan was disbursed on April 28, 2020, rather than May 1, 2020. Defs.' Resp. to Pl.'s Mot. for Summ. J., at 1, 2 n.2, ECF No. 39. Whether the loan was approved by the SBA or on behalf of the SBA pursuant to delegated authority makes no difference in this case. Similarly, a three-day difference in the date of disbursement—though page 1 of the Administrative Record indeed shows a disbursement date of May 1, 2020—also has no impact on the merits of this dispute.
[17] *See* Initial Decision, ECF No. 30-2; Corrected Decision, ECF No. 30-43. Horseshoe Bay has referred to the SBA's Final Loan Review Decision ("FLRD") as the "Initial Decision" for the sake of clarity. The final agency decision on appeal in this case is the Corrected Decision, not the FLRD, as the name appears to indicate.

self-assigned NAICS code to the exclusion of other data and evidence."[18] Instead, Defendants claim that the Corrected Decision should be affirmed because they "reasonably concluded" that Horseshoe Bay is ineligible for forgiveness "[b]ased on a thorough review of the documents and data Plaintiff submitted."[19] But the Corrected Decision did not consider this data, only the Initial Decision did. Instead, the SBA-OHA expressly rejected the primary-industry analysis entirely, stating there was "no place" for the primary-industry analysis in the first place.[20] This is not a case where Horseshoe Bay "just disagrees with SBA's forgiveness decision, based on their own math and interpretation of the data," as Defendants allege.[21] Indeed, as the Corrected Decision shows, the agency did not interpret the data *at all*.

Similarly, on the second page of the Response, Defendants argue that NAICS Codes are purely self-assigned for PPP purposes, and the SBA cannot consider whether that assignment was correct.[22] Yet, on the same page, Defendants point to the Initial Decision's primary-industry analysis to argue that it acted reasonably.[23] Ultimately, Defendants flip back and forth regarding whether the primary-industry analysis applies. For the reasons set forth in Horseshoe Bay's Motion, it does.[24] But, critically, Defendants provide no explanation in their Response for the reasons why the SBA initially conducted the primary-industry analysis in its Initial Decision and the SBA-OHA reversed course to find that it has "no place" here. This logic is, by its very nature, arbitrary. Horseshoe Bay merely asks that Defendants act within the basic boundaries set for federal agency decisions rather than cutting corners for the sake of ease. Accordingly, this Court should set aside the Corrected Decision.

---

[18] *See* Defs.' Mot. for Summ. J., at 12, ECF No. 36; Defs.' Resp. to Pl.'s Mot. for Summ. J., at 2–3, ECF No. 39
[19] Defs.' Resp. to Pl.'s Mot. for Summ. J., at 3, ECF No. 39.
[20] Corrected Decision, at 9, ECF No. 30-43.
[21] Defs.' Resp. to Pl.'s Mot. for Summ. J., at 3, ECF No. 39.
[22] *See id.* at 2.
[23] *See id.*
[24] *See* Pl.'s Mot. for Summ. J., at 8–21, ECF No. 37.

## CONCLUSION

For the foregoing reasons, Horseshoe Bay asks that this Court grant Plaintiff's Motion for Summary Judgment as well as all other such relief in law or in equity to which it may be justly entitled.

Dated: February 7, 2025                    Respectfully submitted,

/s/ *Adrienne E. Frazior*
Adrienne E. Frazior
Texas State Bar No.: 24059546
afrazior@polsinelli.com
Ashley N. Gould
Texas State Bar No.: 24098171
agould@polsinelli.com
Tiffani A. Skroch
Texas State Bar No.: 24143413
tskroch@polsinelli.com
POLSINELLI PC
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 661-5596
Facsimile: (214) 292-8794

*-and-*

James W. Kim
*Admitted Pro Hac Vice*
james.kim@polsinelli.com
POLSINELLI PC
1401 Eye Street NW, Suite 8900
Washington, DC 20005
Telephone: (202) 626-8301
Facsimile: (202) 350-9447

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure.

/s/ *Adrienne E. Frazior*
Adrienne E. Frazior